CROCKFORD, et al, Appellants, v. CITY OF HOT SPRINGS, Respondent

(4 N. W.2d 805.)

(File No. 8465. Opinion filed July 3, 1942.)

John T. Milek, of Sturgis, for Plaintiffs and Appellants.

W. P. Rooney and E. B. Adams, both of Hot Springs, for Defendant and Respondent.

POLLEY, J. It is alleged in the complaint in this action that the plaintiffs, husband and wife, are the owners of a plot of ground on the bank of Fall River, in the City of Hot Springs. This plot of ground, occupied by a dwelling house and garden is used by plaintiffs as their homestead. Fall River is a small stream of water flowing through the City of Hot Springs, the defendant in this action, and for many years, last past, has been used by defendant to carry away the sewage that accumulates in said City. During the year 1934, or 1935, while plaintiffs were living in said dwelling house, the said City installed a sewage disposal plant on the bank of said stream and since that date has continually operated said plant as a sewage disposal plant. This sewage disposal plant is on the upstream side of plaintiffs' dwelling house and within one hundred seventy-five feet distant therefrom.

Plaintiffs further allege that in the operation of the said sewage disposal plant, the defendant receives into and discharges from said stream great quantities of refuse, sewage, liquids and other offensive, noxious and ill-smelling materials, and thereby releases and discharges into the air in the immediate vicinity of plaintiffs' said dwelling house, noxious, poisonous and ill-smelling gases, noxious and poisonous smells which permeate the air in the vicinity of plaintiffs' dwelling house, and the air within the house itself, the effect of which noxious smells and odors is to "annoy, injure and endanger the comfort, repose and health of the plaintiffs and residents of the entire neighborhood thereof, and persons passing along the public highway adjoining * * *." That by the said noxious smells and odors plaintiffs are especially annoyed, injured, disturbed and denied the free use and enjoyment of their home and garden, "thus and thereby * * * rendering the dwelling house uninhabitable and the garden spot unworkable; and in this manner doing irreparable injury to plaintiffs and greatly diminishing the

value of their said real property and preventing the sale thereof," all to the great disturbance and annoyance of plaintiffs in the use and occupation of their said dwelling house; and they demand judgment that defendant and all persons acting by, through or under it be perpetually enjoined and restrained from pouring, discharging or depositing and placing sewage, refuse or offensive matter from the sewer pipe lines of the defendant City under its jurisdiction into said disposal plant, and from creating and filling the air over and on said Fall River, with foul and noxious odors and gases.

In its answer to the above complaint, after denying the existence of the above ill-smelling odors as alleged in the complaint, defendant pleaded in estoppel to this action the trial and final judgment in another action between the same plaintiffs and defendant, involving the identical issues that are involved in this case; that the facts alleged in this action are res judicata and a complete bar to plaintiffs' cause of action in this case; that the same evidence is required to support the complaint in this action that was introduced in the former case; that in said former action the evidence, instructions and verdict fully adjudicated all questions involved in this case.

Upon the above facts and record, defendant moved the court to dismiss this action on the ground that the verdict and judgment in the former case are res judicata of all the facts and issues presented in this case. This motion was denied and the court proceeded to try the issues presented by the pleadings in this case. Upon hearing the evidence the court made findings of fact, among which are, Findings Nos. VI, VII, VIII and IX as follows:

"VI. The Court further finds that said sewage disposal plant was located, established and constructed under the direction and supervision of a competent sewerage engineer; that said plant was located, established, designed and constructed in full compliance with directions from competent engineers, and in accordance with modern and commonly accepted methods of sewage disposal plants.

"VII. The Court further finds that the above described disposal plant is the only means now available for the purpose of disposal of sewage coming from the City of Hot Springs, in which city is located the Battle Mountain Sanatarium and other public hospitals and institutions.

"VIII. The Court further finds that at times under certain weather conditions, the said sewage disposal plant, for short intervals, emits odors; that these odors are objectionable to certain persons and not objectionable to others.

"IX. The Court further finds that said disposal plant and its operation is essential to the health and comfort of the people of Hot Springs at large and that the circumstances incident to its operation are not such as to cause said plant to be either a public or a private nuisance which should be abated, or its use enjoined."

These findings are fully supported by the evidence and the court entered judgment that the plaintiffs take nothing by this action, and that defendant have judgment for the dismissal of plaintiffs' complaint and its costs.

The judgment for the defendant entered herein has the same effect as the granting of defendant's motion to dismiss and is right, and nothing would be gained by a discussion of the question of res judicata.

The judgment appealed from is affirmed.

All the Judges concur.